IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALAN E. MEYER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | No. 07-2230-CM |
| ) | |
| **DAVID J. CHRISTIE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This dispute arises from an alleged oral joint venture/partnership agreement ("the Agreement") to construct, develop, and manage a mixed-use residential apartment complex in Junction City, Kansas. Plaintiffs Alan E. Meyer, John R. Pratt, and Dovetail Builders 2, LLC, brought this lawsuit against defendants David J. Christie, D.J. Christie, Inc., Alexander Glenn, and The Bluffs, LLC. The case comes before the court on plaintiffs' Motion to Exclude Expert Testimony (Doc. 207). For the reasons below, the court denies plaintiffs' motion.

**I.   Factual Background**

The factual background of this case is more fully set out in this court's February 10, 2009 Memorandum and Order addressing the parties' motions for summary judgment. (Doc. 226.) In short, plaintiffs argue that the parties entered an agreement to form a partnership, and did form such a partnership. Defendants argue there was no agreement, and that defendants decided against working with plaintiffs on the project because plaintiffs lacked the necessary experience, expertise, and financial ability. Having determined that plaintiffs' assertions raised a triable issue of fact as to the threshold question of whether an agreement existed, this court declined to grant summary

judgment. Plaintiffs now seek to exclude the defendants' proffered expert testimony of Timothy W. Hickok on two grounds: Hickok's report fails to satisfy the requirements of discovery Rule 26(a)(2)(B); and Hickok's proffered testimony is not relevant to any claim or defense asserted in this action.

**II.     Discussion**

    **A.     Rule 26(a)(2)(B) Requirements**

Plaintiffs allege that Hickok's report fails to specify a basis for any of his opinions; does not reflect that he has seen The Bluffs apartments or the report of plaintiffs' expert, Daniel W. Figert; and does not identify any particular experience or knowledge enabling Hickok to render the opinions contained in his report. Plaintiffs therefore ask this court to strike the report and preclude Hickok from testifying.

An expert's written report in a civil case must include not only "a complete statement of all opinions the witness will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B)(i), and his qualifications, Fed. R. Civ. P. 26(a)(2)(B)(iv), but also all of the data or other information considered in forming the opinion, all summary or supporting exhibits, the compensation he was paid, and a list of all other cases in which he has testified as an expert. *Id*. Fed. R. Civ. P. 26(a)(2)(B)(ii–iii, v–vi); *United States v. Nacchio*, 519 F.3d 1140, 1152 (10th Cir. 2008); *Mounger v. Goodyear Tire & Rubber Co.*, No. 99-2230-JWL, 2000 WL 1466198, at *2–3 (D. Kan. Sept. 22, 2000).

Defendants disclosed Hickok's report and curriculum vitae and all documents Hickok reviewed in preparing his report—including plaintiffs' sketches, plans, proposed rents, and other concepts associated with the project. Defendant's disclosed Hickok's hourly rate, and the fact that

-2-

Hickok had never previously testified as an expert witness.

The court finds that Hickok's one-page report, though sparse, contains his opinions of the shortcomings of plaintiffs' sketches, plans, and proposals. These opinions are based on his experience in the design and construction industry, particularly in large-scale residential projects, as is evidenced by his curriculum vitae. While reliance on third-party studies or other data might bolster the opinions or their credibility, Hickok is not required to rely on these things under Rule 26(a)(2)(B).

The court finds that the report's deficiencies lie in extensiveness of information rather than a general failure to disclose the information required by Rule 26(a)(2)(B). *See Mounger*, 2000 WL 1466198 at *4. Even if the report fails to comply with Rule 26(a)(2)(B) in every respect, the court finds that any such failure is harmless and would not merit the sanction plaintiffs urge. *Hall v. United Parcel Serv.*, No. CIV. A. 99-2467-CM, 2000 WL 554059, at *1–2 (D. Kan. Apr. 28, 2000) (citing Fed. R. Civ. P. 37(c)(1), which provides that, unless failure to make required disclosures is harmless, a party may not be permitted to use that evidence at trial).

### B.    Relevance

This court serves a gatekeeper function to determine, under Rule 702, whether expert testimony will assist the trier of fact. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). This two-pronged inquiry requires the party advancing the expert testimony to establish both its reliability and relevance. *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 883 (10th Cir. 2005); *Guang Dong Light Headgear Factory Co. v. ACI Int'l, Inc.*, No. 03-4165-JAR, 2008 WL 170310, at *2 (D. Kan. Jan. 17, 2008); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (recognizing that expert testimony is only admissible "if it is both relevant and reliable.").

Plaintiffs assert that Hickok's testimony should be excluded because it will not assist the jury in determining any disputed fact. Plaintiffs then specify several disputed facts as to which Hickok's opinions have no relevance, contending that their only use is to dispute the suitability of plaintiffs' preliminary construction and rental concepts for the projects.

On the contrary, the court finds that Hickok's opinions are relevant to the stated reasons for termination of the negotiations or partnership—plaintiffs' qualifications, experience, and expertise—and thus may have a bearing on the wrongful termination/disassociation and unjust enrichment claims.

Additionally, the court finds that the opinions expressed in Hickok's report do not lack reliability simply because they are based on his own experience in the industry. The plaintiffs' objections to Hickok's testimony go more to its weight than its admissibility, and such determinations must be made by a jury.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Exclude Expert Testimony (Doc. 207) is denied.

Dated this 12th day of March 2009, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**
