# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALAN E. MEYER, et al., | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 07-2230-CM |
| | ) |
| DAVID J. CHRISTIE, et al., | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

This dispute arose from an alleged oral joint venture/partnership agreement to construct, develop, and manage a mixed-use residential apartment complex in Junction City, Kansas. Plaintiffs Alan E. Meyer, John R. Pratt, and Dovetail Builders 2, LLC, brought this lawsuit against defendants David J. Christie, Alexander Glenn, D.J. Christie, Inc., and The Bluffs, LLC. A jury trial was held May 11, 2009, through May 21, 2009. On May 22, a jury returned a verdict for plaintiffs on all counts. The jury awarded damages in the amount of $9,196,345 on plaintiffs' claims of breach of the joint venture agreement, breach of fiduciary duties, wrongful dissociation, and civil conspiracy. Additionally, the jury found that defendants had been unjustly enriched in the amount of $5,500,000. Plaintiffs elected to recover the award of damages over that of unjust enrichment. The jury also determined that plaintiffs were entitled to punitive damages. On September 8, 2009, this court held a punitive damages hearing and awarded nominal damages in the amount of $100. The case is before the court on Defendants' Motion to Stay any Proceedings to Enforce Judgment Pending Disposition of Posttrial Motions and Appeal (Doc. 301); and Defendants David J. Christie, Alexander Glenn and D.J. Christie Inc.'s Renewed Motion to Stay any Proceedings to Enforce

Judgment Pending Post Trial Motions and Appeal (Doc. 347).

The factual background of this case has been well-documented in this court's prior orders. For the reasons below, the court grants the original motion in part, denies the renewed motion as moot, and makes further orders as follows.

**I.     Defendants' Motion To Stay Any Proceeding to Enforce Judgment Pending Disposition of Posttrial Motions and Appeal (Doc. 301) and Defendants David J. Christie, Alexander Glenn and D.J. Christie Inc.'s Renewed Motion to Stay any Proceedings to Enforce Judgment Pending Post Trial Motions and Appeal (Doc. 347)**

Defendants collectively ask this court for an order staying execution of the judgment or proceedings to enforce the judgment pending the disposition of post-trial motions and appeal, citing Federal Rule of Civil Procedure 62. Defendants allege they will suffer irreparable harm if plaintiffs are permitted to execute on the judgment. They note that plaintiffs in this case are defendants in a number of other lawsuits for money damages or foreclosures, and that monies obtained by plaintiffs in satisfaction of this judgment would likely be unrecoverable should defendants prevail on appeal.

Defendants also ask this court to waive the filing of a supersedeas bond to stay execution during an appeal, alleging such waiver will not prejudice plaintiffs or endanger plaintiffs' ability to recover on the judgment.

The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditors. Fed. R. Civ. P. 62(b) (stay pending post-trial motions "on such conditions for the security of the adverse party as are proper"); 62(d) (stay pending appeal "by giving a supersedeas bond"). A district court has discretionary authority to allow a stay of proceedings without a full supersedeas

bond "when the judgment creditor's interests would not be unduly endangered." *Wilmer v. Bd. of County Comm'rs of Leavenworth County*, 844 F. Supp. 1414, 1419 (D. Kan. 1993) (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986); *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). The burden falls to the debtor to objectively demonstrate good cause for such a waiver. *Id.* (citing *Lamon v. City of Shawnee, Kan.*, 758 F. Supp. 654, 655 (D. Kan. 1991); *Metz v. United States*, 130 F.R.D. 458, 459 (D. Kan. 1990)).

The court may consider several factors when deciding whether to waive a full supersedeas bond requirement, including (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the court has in the availability of funds to pay the judgment; (4) whether defendants' ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether defendants are in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Evolution, Inc., v. Sun Trust Bank*, No. 01-2409-CM, 2005 WL 1041348, at *1 (D. Kan. Jan. 10, 2005); *Metz*, 130 F.R.D. at 459 (citing *Brinkman v. Dept. of Corr.*, 815 F. Supp. 407, 408–09 (D. Kan. 1993)).

Defendants do not address these factors, but assert that plaintiffs are adequately protected because plaintiffs may assert a lien on the Bluffs apartments as a result of the judgment, citing K.S.A. 60-2202(a). Defendants note that, at trial, plaintiffs' expert testified the complex had a value in excess of $70 million dollars, and that there is over $25 million in equity in the Bluffs apartments.

By way of response, plaintiffs argue that defendants fail to meet their burden because they offer no evidence of their financial condition that would give the court confidence that plaintiffs' interest in the judgment is protected. Plaintiffs assert that, given the relationships of parties and non-parties whose ownership interests may or may not overlap, the collection process would be difficult.

Moreover, plaintiffs assert that due to foreclosure and other proceedings currently pending against the Bluffs apartment project, the judgment in this case would not likely be satisfied through a judgment lien on the project.

Defendants assert for the first time in their reply that the amount of the judgment as it currently stands makes it "impractical" and "impossible" for defendants to secure a bond in accord with local rules. (Doc. 323, at 4.) *See* D. Kan. Local R. 62.2 (requiring that, unless otherwise directed by the court, the security provided to stay execution of a money judgment shall equal the amount of the judgment "plus 25% of that amount to cover interest and any award of damages for delay."); *Evolution, Inc.,* 2005 WL 1041348, at *1. Defendants offer affidavits and personal financial statements of David Christie and Alex Glenn, arguing that neither has sufficient assets to secure a bond in excess of $11 million. In lieu of a full supersedeas bond, defendants offer alternatives, such as "an unencumbered asset with a value in excess of $1 million," (Doc. 323, at 5), or the $40,000 escrowed monthly by The Bluffs, LLC, as part of its bankruptcy proceedings.[1] Defendants suggest that the likelihood of their success on appeal weighs heavily in favor of issuing a stay and waiving or lowering the bond required by local rule.

This court permitted plaintiffs to file a surreply, which suggests that the materials submitted by defendants (1) establishes that they have a "combined net worth of $18 million"; and (2) suggests that, when compared with financial statements disclosed in preparation for trial, defendants "may have recently disposed of assets with significant monetary value." (Doc. 343, at 3, 4.)

Due to the complexity of this case, the parties' obligations, the amount of the judgment, and this court's interest in preserving the status quo and protecting all parties involved, the court

---

[1] Defendants' reply brief suggests this amount is $47,000. However, the evidence submitted suggests that the amount escrowed monthly by The Bluffs, LLC is $40,000. (Doc. 323-1, at 2, 8.)

-4-

determines that a stay on execution or enforcement of the judgment in this case is appropriate pending disposition of post-trial motions, and, if necessary, pending appeal. The court therefore authorizes that such a stay be imposed under Rule 62(b)(1) and (3) pending this court's rulings on post-trial motions.

Based on this court's review of the evidence contained in the record, though, the court finds that defendants have failed to demonstrate good cause for waiver of a supersedeas bond to secure the stay in the event of an appeal. Consideration of the factors weigh in favor of requiring a bond, although this court is also willing to accept that a bond in the amount of $11,495,556.25 is unreasonable. This court will not require defendants to liquidate their assets in order to appeal this case. Defendants argue that plaintiffs are adequately protected by the judgment lien arising against the Bluffs Apartments, which is the subject of this litigation. Defendants also offer alternatives, including an unencumbered asset worth $1 million dollars, and an escrow account of unspecified value plus monthly contributions of $40,000. The parties' briefs leave the court unable to determine whether a lien on the Bluffs apartments would adequately protect plaintiffs, and whether and what additional or alternative amount would be reasonable to require defendants to post in order to stay the judgment pending appeal. The court will therefore accept briefing on this limited issue, and will consider evidence submitted therewith for the limited purpose of determining an appropriate bond amount. Because defendants bear the burden on this point, defendants shall file a collective brief, not to exceed 10 pages, within 10 days of the date of this order. Plaintiffs' response shall be filed within 10 days of the date defendants' brief is filed, and shall not exceed 5 pages. Defendants will have 5 days from the date of the response within which to file a reply, not to exceed 5 pages.

A stay on execution on the judgment is imposed pending this court's rulings on post-trial motions. Should defendants appeal, the court will enter an order staying enforcement pending

appeal upon the court's approval of a reasonable supersedeas bond in an amount to be determined after the briefing ordered above. In light of this ruling on defendants' motion, a ruling on the renewed motion is unnecessary. Because that motion seeks identical relief, it is denied as moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Stay Any Proceeding to Enforce Judgment Pending Disposition of Posttrial Motions and Appeal (Doc. 301) is granted in part, and a ruling is withheld in part.

**IT IS FURTHER ORDERED** that execution of the judgment is stayed pending this court's rulings on post-trial motions.

**IT IS FURTHER ORDERED** that, on the limited issue of reasonable and adequate security pending appeal, defendants shall file a collective brief, not to exceed 10 pages, within 10 days of the date of this order. Plaintiffs' response shall be filed within 10 days of the date defendants' brief is filed, and shall not exceed 5 pages. Defendants will have 5 days from the date of the response within which to file a reply, not to exceed 5 pages.

**IT IS FURTHER ORDERED** that, in light of this ruling, Defendants David J. Christie, Alexander Glenn and D.J. Christie Inc.'s Renewed Motion to Stay any Proceedings to Enforce Judgment Pending Post Trial Motions and Appeal (Doc. 347) is denied as moot.

Dated this 13th day of October 2009, at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**