# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALAN E. MEYER, et al., )<br>)<br>        **Plaintiffs,** )<br>)<br>v. )<br>)    **No. 07-2230-CM**<br>)<br>DAVID J. CHRISTIE, et al., )<br>)<br>        **Defendants.** )<br>_____) | |

## MEMORANDUM AND ORDER

On remand from the Tenth Circuit's decision in *Meyer v. Christie*, 634 F.3d 1152 (10th Cir. 2011) (affirming in part and reversing in part *Meyer v. Christie*, No. 07-2230-CM, 2009 WL 4782118 (D. Kan. Dec. 8, 2009)), this action is now before the court on a number of motions.[1] Also before the court, pursuant to its April 26, 2011 Order setting a briefing schedule, are the briefs of the parties on the following question:

• **What are Mr. Meyer and Mr. Pratt's damages, if any, relating to lost contracting profits and unreimbursed expenses? (Not to exceed the jury's original award of $1,907,372 in lost contracting profits and $118,370 in unreimbursed expenses.)**

Because plaintiffs filed a renewed Notice to Elect the Jury's Damages Award in Lieu of the Jury's Unjust Enrichment Award (Doc. 393), the court determined that briefing was unnecessary on the issue of whether plaintiff Dovetail Builders 2, LLC ("Dovetail"), may recover on its unjust

---

[1] These include: Plaintiffs' Motion for Release of Supersedeas Bond (Doc. 394); Plaintiffs' Motion for Issuance of Charging Orders (Doc. 395); Plaintiffs' Motion for Issuance of Order of Garnishment (Doc. 397); Plaintiffs' Motion for Issuance of Writ of General Execution (Doc. 398); and Defendants' Objections to Form of Proposed Order for Disbursement of Supersedeas Bond (Doc. 414).

enrichment claim. And, upon review of the materials presented to the court and the representations of the parties, the court believes that the outstanding matter related to lost general contracting profits can be resolved on the briefs and that no evidentiary hearing is necessary. Because the pending motions are premature until entry of final judgment, the court addresses this outstanding issue first.

**I.     Legal Standard**

"The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000) (internal brackets and quotation marks omitted). Generally, when an appellate court decides a legal issue in a case, that decision will be applied by the trial court on remand and the appellate court on any subsequent appeals. *Id*. This doctrine conserves judicial resources by precluding the re-arguing of issues that have already been decided. *Id.* at 1035.

This doctrine reaches beyond the legal issues that are explicitly decided by the appellate court. The law of the case also applies to those issues that were implicitly decided. *Copart, Inc. v. Admin. Review Bd., U.S. Dep't of Labor*, 495 F.3d 1197, 1201 (10th Cir. 2007). This court's analysis therefore begins with a careful and thorough reading of the Tenth Circuit's opinion to determine what issues have been explicitly or implicitly decided and barred from re-argument.

**II.    Issues Presented**

Because Dovetail alleged no independent tort against any defendant, the Tenth Circuit held that it lacked standing to pursue its civil conspiracy claim. *Meyer*, 634 F.3d at 1157. Because this was Dovetail's only claim for legal damages, Dovetail may not recover any portion of the damage award. *Id*. In addition, the Tenth Circuit held that the lost general contracting and unreimbursed

expenses award from the jury was likely based, in part, upon the "impermissible inclusion of Dovetail in Plaintiffs' civil conspiracy claim." *Id*. Lastly, the court remanded the issue of whether plaintiffs Alan Meyer and John Pratt individually are entitled to any portion of the lost contracting and unreimbursed expenses award. *Id*.

The law of the case explicitly holds that Dovetail cannot recover any damages. Narrowly stated, the issue presented is whether individual plaintiffs can recover an award for the lost general contracting profits of their solely-owned LLC when it has been determined that the LLC lacked standing to pursue the claim and the damages in question were originally awarded to the owners and the LLC jointly.

Plaintiffs Meyer and Pratt do not seek any portion of the out-of-pocket expenses award. (Doc. 404, at 2.) They argue that they are entitled to the lost contracting profits of $1,907,372 because it is reasonable to assume that Meyer and Pratt individually—as sole owners of Dovetail— would have received the contracting profits. Defendants argue plaintiffs Meyer and Pratt fail to establish any basis for recovering lost contracting profits independent from Dovetail, because any general contracting profits would have reached them only by flowing through Dovetail, which is barred from recovery.

**III.  Discussion Regarding Lost General Contracting Profits Award**

Despite all efforts, the court can find no readily discoverable case law on this issue. The general rule applied by Kansas courts in breach of contracts actions is that "loss of profits resulting from a breach of contract may be recovered as damages when such profits are proved with reasonable certainty, and when they may reasonably be considered to have been within the contemplation of the parties." *Vickers v. Wichita State Univ.*, 518 P.2d 512, 515 (Kan. 1974).

The joint venture between plaintiffs and defendants was formed to develop a piece of land

for residential use. *Meyer*, 634 F.3d at 1155. A material consideration in that agreement was that the contracting company solely owned by plaintiffs Meyer and Pratt would be hired as general contractor for the project. *Id*. Plaintiffs suggest that all parties involved in the joint venture were aware of and contemplated the fact that Meyer and Pratt, through Dovetail, would receive profits from general contracting as a result of this agreement. The amount of damages was established through the testimony of plaintiff's expert Tony Hausler, and was based on the general contracting profits realized by First Management, Inc., the company ultimately contracted to perform the job. In other words, plaintiffs' evidence established the profits that the general contractor would have received under the joint venture agreement. Plaintiffs also established that they were sole owners of the general contractor to be hired by the partnership, and that they anticipated those profits to flow to them as individuals.

However, on remand, plaintiffs must establish that they could individually have sought and recovered damages for lost general contracting profits. The court cannot assume that the jury would have awarded the total amount of $1,907,372 to plaintiffs Meyer and Pratt, when the evidence at trial clearly established that this amount was what Dovetail lost by not being hired as general contractor for the job. It is undisputed that the partnership or joint venture agreement was a development agreement, not a general contracting agreement. There was no agreement entered between defendants and Dovetail, only between defendants and plaintiffs. And the only expectation plaintiffs had under that agreement was that Dovetail would be hired.

The court has serious concerns about disregarding the corporate form in this situation. Generally, individual members hold certain interests in a limited liability company to do just that: limit their liability. The LLC should not be available as a shield from liability at times but be treated as immaterial when it is profitable to an individual managing member. Courts are often —and

-4-

rightfully—skeptical of a request that a limited liability company be allowed to pierce its own veil when disregard of the entity would be advantageous to members. *See In re Crowe Rope Indus., LLC*, 307 B.R. 1, 6–7 (Bankr. D. Me. 2004) (concluding that Maine law would not permit a limited liability company to pierce its own veil); *Freedom Fin. Grp. v. Woolley*, 792 N.W. 2d 134, 141 (Neb. 2010) (holding that "[the sole owner]'s argument would allow a member of an LLC to use the corporate form as a shield to protect itself from personal liability for acts taken by an LLC while still allowing an individual to collect damages, such as lost profits, incurred by the LLC.").

It does not appear from the record that plaintiffs Meyer and Pratt were holding their interests in an LLC for the sole purpose of avoiding liability with a plot to receive individual profits later. However, absent caselaw directing otherwise, the court declines to set the precedent plaintiffs seek here, which would allow the individual sole owner/members of an LLC to use the form of the business organization as a shield from liability at times and then argue that its existence is immaterial at others when it would be profitable.

Based on general propositions of law, analogous caselaw, and practical and policy considerations, the court holds that plaintiffs Meyer and Pratt are not individually entitled to recover any portion of the jury's lost contracting profits damages award of $1,907,372 originally awarded to Meyer, Pratt, and Dovetail jointly.

The outstanding issue being finally resolved, the court directs the Clerk of the Court to enter a final amended journal entry of judgment in this matter in favor of plaintiffs Alan E. Meyer and John R. Pratt, and against defendants David Christie, Alexander Glenn, and D.J. Christie, Inc., in the amount of $7,170,603, plus $100 in punitive damages, along with costs. Upon the filing of the amended judgment, the stay of execution will be lifted and the court will address the motions and objections filed by the parties regarding the supersedeas bond, charging orders, garnishment, and

execution.

**IT IS SO ORDERED.**

Dated this 15th day of July 2011, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**