IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALAN E. MEYER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | No. 07-2230-CM |
| ) | |
| **DAVID J. CHRISTIE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Following remand from the Tenth Circuit's decision in *Meyer v. Christie*, 634 F.3d 1152 (10th Cir. 2011) (affirming in part and reversing in part *Meyer v. Christie*, No. 07-2230-CM, 2009 WL 4782118 (D. Kan. Dec. 8, 2009)), this court entered a final amended judgment in favor of plaintiffs Alan E. Meyer and John R. Pratt, and against defendants David Christie, Alexander Glenn, and D.J. Christie, Inc., in the amount of $7,170,603, plus $100 in punitive damages, along with costs. In an order dated July 18, 2011, the court addressed a number of motions, including: Plaintiffs' Motion for Release of Supersedeas Bond (Doc. 394); Plaintiffs' Motion for Issuance of Charging Orders (Doc. 395); Plaintiffs' Motion for Issuance of Order of Garnishment (Doc. 397); Plaintiffs' Motion for Issuance of Writ of General Execution (Doc. 398); and Defendants' Objections to Form of Proposed Order for Disbursement of Supersedeas Bond (Doc. 414). That order was vacated as prematurely entered (Doc. 428), and the motions remain pending. Plaintiffs' Motion for Release of Supersedeas Bond (Doc. 394) has been superseded by plaintiffs' Amended Motion for Order Directing Surety to Pay on Supersedeas Bond, and there has been additional briefing on the motions. Also before the court is Plaintiffs' Motion for Status Conference (Doc.

434).  The motions are now ripe, and the court rules on them in the following manner.

### D.J. Christie, Inc., Bankruptcy Petition and Adversary Proceeding

Defendant D.J. Christie, Inc., filed a Chapter 11 bankruptcy petition on May 20, 2011, in the United States Bankruptcy Court for the District of Kansas, Case No. 11-40764.  Filing of a bankruptcy petition operates as stay against enforcement of judgment or proceedings against the debtor.  11 U.S.C. § 362(a).  Although partial relief from the automatic stay enabled this court to enter a final amended journal entry of judgment pursuant to its July 15, 2011 Memorandum and Order adjudicating the damage claim for lost contracting profits, the stay "does not allow for actual post-judgment collection action nor any discovery process to aid in post-judgment collection.  However, the Debtor [D.J.Christie, Inc.,] may be required to respond to discovery propounded to it the same as may be required of any other non-party witness."  Order Granting in Part Motion of Alan E. Meyer and John R. Pratt to Modify the Automatic Stay, Case No. 11-40764-11 (Bkrtcy. D. Kan. July 15, 2011).

On July 29, 2011, shortly after this court vacated its premature orders on the enforcement motions, D.J. Christie, Inc., filed an adversary proceeding in the bankruptcy court naming Meyer, Pratt, the surety (Washington International Insurance Company), Glenn, and Christie.  In the adversary proceeding, the debtor seeks, *inter alia*, a determination on whether it may offset certain other judgments owed to it by Meyer and Pratt against the judgment it owes in this case.  Case No. 11-07043.  In this case, defendant has filed new responses to plaintiffs' pending motions arguing that the motions should be denied so that the bankruptcy court may determine whether the judgment should be offset. Defendants suggest that failure to do so would result in an "absurdity," and would interfere with D.J. Christie, Inc.'s ability to reorganize in bankruptcy.

D.J. Christie, Inc., is protected by a stay in bankruptcy and to the extent plaintiffs seek relief against D.J. Christie, Inc., plaintiffs' motions are denied; that party shall not be subject to any writs or orders entered as a result of this general order.  However, the court concludes that the existence of D.J. Christie, Inc.'s adversary proceeding in the bankruptcy court does not prevent this court from entering orders enforcing the judgment against parties not subject to a stay in bankruptcy.  Absurdity or not, plaintiffs are entitled to seek satisfaction of their judgment.  The offset issue is not before this court, and will be decided only with respect to Debtor D.J. Christie, Inc., in its Chapter 11 case.

**Supersedeas Bond** (Docs. 394, 427)

Pursuant to an order of this court, defendants filed a supersedeas bond with the court in the amount of $1.125 million.  Plaintiffs ask the court to release the bond "to Meyer and Pratt" in partial satisfaction of their judgment.  They submitted a proposed order to this effect, to which defendants objected on the basis that (1) it did not provide notice to the surety, as required by Rule 65.1; and (2) it required payment to the "Bickle & Brewer IOLTA Account" rather than Meyer and Pratt, as named in the motion and expressly named in the bond contract.  In its July 18, 2011 Order, the court denied the motion as moot in light of the fact that nothing of monetary value was deposited with the court and at the time there was nothing for the clerk's office to release.

Plaintiffs' amended motion seeks entry of an order directing the surety to pay its liability under the supersedeas bond, Doc. 373.  In response, defendants argue that the surety's obligation is essentially void because defendants are entitled to have the instant judgment offset by judgments owed by plaintiffs to defendants.  They argue that "permitting Meyer and Pratt to collect on the bond before the offset issue is determined by the United States Bankruptcy Court could interfere" with defendant D. J. Christie, Inc.'s ability to reorganize in bankruptcy.  As discussed previously, this argument is unavailing.  Plaintiffs are entitled to an order directing the surety to pay its liability

-3-

under the supersedeas bond. The amended motion (Doc. 427) is granted; the previous motion (Doc. 394) is denied as moot; and the court will promptly issue an order to this effect.

**Charging Order** (Doc. 395)

As previously set out by the court, plaintiffs ask this court to issue a charging order against defendants' Kansas limited liability company ("LLC") interests as authorized by Fed. R. Civ. P. 69 and Kan. Stat. Ann. § 17-76,113.

Plaintiffs submitted a proposed order with the motion. Defendants object to the proposed order to the extent that it (1) purports to reach non-Kansas LLCs; (2) may conflict with the terms of the LLCs' operating agreements relating to assignability; and (3) purports to be applicable to subsequently-acquired member interests.

First, the proposed order specifically describes only defendants' Kansas LLCs.

Second, although an operating agreement may absolutely prohibit transfers or assignments, such prohibition cannot prevail over applicable law. *See* Kan. Stat. Ann. § 17-76,106 (stating: "Notwithstanding anything to the contrary under applicable law, the operating agreement may provide that a limited liability company interest may not be assigned prior to the dissolution and winding up of the limited liability company.")

The Kansas Revised Limited Liability Company Act ("KRLLCA"), Kan. Stat. Ann. § 17-7662 *et seq.*, contains a provision recognizing the charging order as a remedy by which a judgment creditor of a member can seek satisfaction by petitioning a court to charge the member's LLC interest with the amount of the judgment. Kan. Stat. Ann. § 17-76,113. The KRLLCA makes clear that the charging order is the only remedy by which a judgment creditor of a member can reach the member's interest in the LLC. *Id.* The KRLLCA language was taken directly from limited partnership law, and simply authorizes the charging order and states that the charging creditor has

-4-

the rights of an assignee of the LLC interest. *See* Hecker, Jr., Edwin W., *The Revised Kansas Limited Liability Company Act*, 69 J. Kan. B. Assoc. 16, 25–26 (Dec. 2000) (citing the Uniform Partnership Act § 28 (1914); Kan. Stat. Ann. § 56-la403; Kan. Stat. Ann. § 17-76,113).

The charging order remedy originated in the Uniform Partnership Act in 1914 ("UPA"). *Id.* Under UPA § 28 and interpreting case law, a charging order affects only the debtor's partnership interest and does not permit the creditor to reach partnership assets. After obtaining a charging order, the creditor is entitled only to the partner's share of distributions and the partner's share of assets on liquidation after all partnership debts have been paid. *See* P'Ship L. & Prac. § 7:20 (citing *City of Ark. City v. Anderson*, 752 P.2d 673 (Kan. 1988)). After the entry of a charging order, the debtor partner continues to be a partner and retains all rights and obligations of a partner except the right to receive partnership distributions until the creditor has been paid its judgment and interest thereon. The creditor is not not entitled to participate in the management of the partnership. *See id*. (citing *Green v. Bellerive Condos. Ltd. P'ship*, 763 A.2d 252 (Md. App. 2000), *cert. denied*, 768 A.2d 55 (Md. 2001) *and cert. denied*, 534 U.S. 824 (2001) (ruling that a charging order creditor does not step into the debtor limited partner's shoes with respect to management rights and information rights and that the creditor could not participate in decisions concerning partnership opportunities). However, as set out in the KRLLCA, where the member/debtor is the sole member of the LLC at the time of the assignment under the charging order, the assignee/creditor shall have the right to participate in the management of the business and affairs of the LLC as a member. Kan. Stat. Ann. § 17-76,112(f). The court believes these tenets of law apply to charging orders issued under Kan. Stat. Ann. § 17-76,113.

The court does not believe it is appropriate, at this time, to issue a charging order purporting to reach subsequently-acquired LLC interests. Plaintiffs may apply to the court to reach other

interests in satisfaction of their judgment as such interests materialize and are disclosed pursuant to post-judgment discovery requests.

The court has reviewed the proposed order submitted by plaintiffs. With modifications as set out above, the court finds that the order is appropriate. Plaintiffs' Motion for Issuance of Charging Orders (Doc. 395) is granted. Defendants' objections are overruled in part and sustained in part. For the reasons set out previously, defendants' additional arguments based on the existence of bankruptcy proceedings are unavailing. The court will issue a charging order promptly.

**Garnishment** (Doc. 397)

Plaintiffs' motion (Doc. 397) is granted and the Clerk of the Court is directed to enter a writ of garnishment in accord with applicable rules.

**Writ of Execution** (Doc. 398)

Plaintiffs' motion (Doc. 398) is granted, and the Clerk of the Court is directed to enter a writ of execution in accord with applicable rules.

**Motion for Status Conference** (Doc. 434)

In light of the foregoing, plaintiffs' motion (Doc. 434) is denied as moot.

**IT IS SO ORDERED.**

Dated this 13th day of October 2011, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**