IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALAN E. MEYER, JOHN R. PRATT, and ) <br> DOVETAIL BUILDERS 2, L.L.C., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DAVID J. CHRISTIE, ALEXANDER ) <br> GLENN, D.J. CHRISTIE, INC., THE ) <br> BLUFFS, L.L.C., JAMES K. DUFF, and ) <br> SECURITY SAVINGS BANK, F.S.B., ) <br> ) <br> Defendants. ) | Civil Action No. 07-2230-CM |

**WASHINGTON INTERNATIONAL INSURANCE COMPANY'S
RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY
THE SURETY WASHINGTON INTERNATIONAL INSURANCE COMPANY,
DEFENDANTS DAVID CHRISTIE AND ALEXANDER GLENN, AND
COUNSEL FOR DEFENDANT DAVID CHRISTIE SHOULD NOT BE
HELD IN CIVIL CONTEMPT**

Washington International Insurance Company ("Washington"), for its Response to Plaintiffs' Motion for Order to Show Cause Why the Surety Washington International Insurance Company, Defendants David Christie and Alexander Glenn, and Counsel for Defendant David Christie Should Not Be Held in Civil Contempt ("Show Cause Motion"), states:

Plaintiffs' Show Cause Motion is directed at Washington, as well as David Christie, Alexander Glenn, and counsel for Christie. Washington is responding only to that portion of plaintiffs' Show Cause Motion that is directed at Washington.[1] Plaintiffs' motion as to

---

[1] At times, plaintiffs' motion appears to be claiming that Washington has failed to comply with court orders other than the Order Granting Motion for Disbursement of Supersedeas Bond ("Payment Order") [Doc. #438]. For example, on p. 2 of its Show Cause Motion, plaintiffs state, "because the Surety and Christie, Glenn, and their counsel have failed to comply with this court's bond order, writ, and charging order. . . ." However, the overall thrust of the Show Cause

Washington is faulty in that it is premised on the erroneous allegation that Washington, "has refused to comply with the Court's Order directing it to pay the amount of the supersedeas bond."[2] Plaintiffs concede that they have the initial burden to prove that Washington disobeyed the Payment Order. [Show Cause Motion, p. 11]

The Payment Order was filed by the Clerk of the Court on Thursday, October 13, 2011. On Tuesday, October 18, 2011, Washington filed its Response to Order Granting Motion for Disbursement of Supersedeas Bond and Motion for Extension of Time and Guidance from the Court Regarding Payment of the Bond Proceeds, or in the Alternative, for Leave to File an Interpleader Claim in the D.J. Christie, Inc. Bankruptcy Case ("Response to Payment Order"). Because it was unclear from the district court record that the Court was aware Washington had been served with garnishments issued by the Jackson County, Missouri Circuit Court with respect to the proceeds of the supersedeas bond, Washington advised the Court of that fact as well as the possibility that by virtue of service of such garnishments, the proceeds of the supersedeas bond might be deemed to be property of D.J. Christie, Inc. ("Debtor"). Due to its concerns about being subject to conflicting court orders, Washington sought additional time to comply with the Payment Order until the garnishments issued by the Jackson County, Missouri Circuit Court could be resolved, and an order could be obtained from the Bankruptcy Court lifting the automatic stay to ensure that compliance with the Payment Order would not run afoul

---

Motion with respect to Washington appears to be plaintiffs' claim that Washington has refused to comply with the Payment Order. *See,* Show Cause Motion, § F.1, titled "The Surety Refuses to Heed the Bond Order."

[2] The Payment Order stated, in part, "[S]urety on the supersedeas bond posted by Judgment Debtors is liable to Judgment Creditors for the full amount of the supersedeas bond." Washington's liability is limited to $1,125,000, the penal sum of the bond.

of the automatic stay in Debtor's bankruptcy case.[3] Washington sought further guidance from the Court and, in the alternative, moved the Court for leave to file an interpleader claim and ***pay the bond proceeds*** into the bankruptcy court, which by virtue of an existing adversary proceeding, had jurisdiction over all of the parties (including Debtor). On that same day, Washington filed a motion for relief from the automatic stay in Debtor's bankruptcy case to permit it to comply with its legal obligations as to the bond given the Payment Order and Jackson County, Missouri garnishments. Washington's Response to Payment Order has been referred to Judge Waxse and no ruling has yet been made.

Washington has *not* refused to comply with the Payment Order. In footnote 60 of their Show Cause Motion, plaintiffs acknowledge that Washington did not refuse to comply with the Payment Order, but instead, filed a response. However, they attack Washington's Response to Payment Order because: (1) the response was filed on the last day for Washington to comply with the Payment Order; (2) the response did not request a expedited hearing, or otherwise seek the entry of an order confirming Washington had additional time to comply; and (3) Washington has not paid or interpleaded the funds into Court.

Washington filed its response within five days of the Payment Order being entered.[4] In its response, Washington requested additional time within which to comply stating the need for resolution of conflicting court orders concerning the proceeds of the bond. The proper procedure

---

[3] Meyer and Pratt have now responded to Washington's motion for relief from stay. See Doc. #103 filed in Debtor's bankruptcy case. In their response, Meyer and Pratt agree that Washington "should not have to be at risk of being held in civil contempt for failing to comply with [the Payment Order]." *See,* Creditors Alan E. Meyer's and John R. Pratt's Response to Debtor's and David J. Christie and Alex W. Glenn's Objections to Motion of Washington International Company for Relief from the § 362 Bankruptcy Automatic Stay, p. 9. (Doc. #109)

[4] Washington only became aware of the Payment Order when it was sent to Washington's counsel (who at the time were representing Washington in an adversary proceeding in Debtor's bankruptcy case).

3

for Washington to obtain an extension of time was to file a motion seeking that relief. Plaintiffs claim that Washington's failure to request an expedited hearing on its motion is somehow indicative of a refusal to comply with the order. However, on October 19, 2011, the day after Washington filed its response, Judge Murgia referred to the Response to Payment Order to Judge Waxse for determination. All parties have now filed responses or other pleadings with respect to Washington's Response to Payment Order. It now appears that the matter is ready for determination. Washington assumes that the Court will set the matter for hearing should it want to hold a hearing. Furthermore, Washington immediately filed a motion to lift the stay in the Bankruptcy Court to permit it to comply with its legal obligations given the Payment Order. This simply is not a situation where a party requests additional time to comply with a court order and then sits on its hands doing nothing.

Plaintiffs' final complaint is that Washington did not interplead the funds into Court. However, Washington, having sought leave of court to interplead the funds, did not deem it advisable to proceed to interplead the funds without the Court's instruction to do so. In fact, in the face of the Payment Order, interpleading the funds without Court approval could be seen as a violation of the Payment Order. If the Court deems it appropriate to allow Washington to interplead the funds into this Court as opposed to the Bankruptcy Court, Washington is ready to do so.

Plaintiffs rely on *Universal Motor Oils Co., Inc. v. Amoco Oil Co.*, 743 F.Supp. 1484 (D.Kan. 1990) to argue that Washington's alleged failure to take "all reasonable steps" to comply with the Payment Order makes it guilty of civil contempt. The *Universal* case, however, involved an entirely different situation. In that case, the plaintiff alleged that the defendant had violated a preliminary injunction enjoining the defendant from using the trademark 21C or any

4

counterfeit, copy, simulation, or colorable imitation thereof. The defendant subsequently changed its trademark from 21C to 2100. The court concluded the defendant had violated the preliminary injunction and modified the injunction to preclude the defendant from using the mark 2100. The court, however, denied plaintiff's application for civil contempt finding the defendant's conduct was not contumacious. 743 F.Supp. at 1489.

Washington did not refuse or fail to comply with the Payment Order. Instead, Washington has taken reasonable steps in an effort to comply with the Payment Order without violating other courts' orders. It timely filed a response to the Payment Order. It advised the court of the service on it of garnishments and the possibility that compliance with the Payment Order might conflict with other courts' orders. It sought an extension of time so that the conflicting court orders could be addressed and immediately filed a motion for relief from stay in the Debtor's bankruptcy case. It sought further guidance from the Court and, in the alternative, sought leave to file an interpleader claim and pay the bond proceeds into the bankruptcy court. In short, Washington has not refused to comply with the Payment Order. Washington simply wants to ensure that in complying with the Payment Order, it is not violating other courts' orders. Washington's Response to Payment Order is not a valid basis for a civil contempt order.

Finally, plaintiffs state that defendants' reply to Washington's Response to Payment Order demonstrates Washington's alleged refusal to pay is unjustifiable. Plaintiffs fail to explain how a document filed by the defendants after Washington filed its Response to Payment Order is even relevant to the issue at hand. Washington has taken no position on the parties' positions with respect to the offset issue, but only seeks protection from being subject to conflicting court orders arising out of the yet to be resolved offset issue.

Plaintiffs have failed to make the initial showing that Washington has refused to comply with the Payment Order. Even if the Court deems that Washington has failed to comply with the Payment Order, Washington's Response to the Payment Order and filing of a motion for relief from stay should be deemed to be reasonable steps to comply with the Payment Order. Accordingly, plaintiffs' Show Cause with respect to Washington should be denied and Washington should be granted such additional relief as the Court deems just and proper.

GILLILAND & HAYES, P.A.

/s/ Carol Z. Smith
Carol Z. Smith          KS#13276
Keith Witten            KS#07296
8717 W. 110th Street, Suite 630
Overland Park, KS  66210
Tel 913-317-5100/
FAX913-317-9100
csmith@gh-ks.com

ATTORNEYS FOR WASHINGTON
INTERNATIONAL INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ Carol Z. Smith