IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALan E. MEYER, et al.,            )<br>                                                      )<br>             Plaintiffs,           )<br>                                                      )<br> v.                                                  )<br>                                                      )     No. 07-2230-CM<br>                                                      )<br> DAVID J. CHRISTIE, et al.,  )<br>                                                      )<br>             Defendants.          )<br>                                                      ) | |

### ORDER

This action has seen more activity as a closed case than as an open one. At this time, there are at least two other ongoing actions related to this one and involving similar or identical issues. One is a proceeding in bankruptcy, in which an adversary proceeding has been filed involving all the parties implicated in this case. *In re DJ Christie, Inc.*, Case No. 11-40764-11; *DJ Christie, Inc. v. Meyer*, Adv. No. 11-7043. The other is a recently-opened miscellaneous case currently before the undersigned on, *inter alia*, a motion to withdraw the reference and an accompanying Report and Recommendation from the Bankruptcy Court. *Christie v. Meyer*, Case No. 12-mc-00405-CM.

In that Report and Recommendation, Judge Dale Somers specifically identified the overlapping nature of these actions (and potentially others), and the "ongoing chess game" between the parties. Specifically, Judge Somers urged the parties "to refrain from litigating issues in the Federal Court Litigation which would be duplicative of the issues before this Court or could create a conflict in the rulings of the two courts."

**Plaintiffs' Motion for Preliminary Injunction in 07-2230** (Doc. 482)

Despite this admonishment, and just days after the undersigned ordered briefing on the R & R in 12-mc-00405, Meyer and Pratt filed the instant Motion for Preliminary Injunction and Related Relief in this action, 07-2230, asking the court to enjoin Christie, Glenn, and "their respective agents" from: (1) fraudulently transferring or disposing of non-exempt assets previously identified as being available to satisfy the judgment outstanding in this case; (2) pursuing garnishment orders "based on the Iowa Judgments or any other acquired judgments entered against Meyer and Pratt"; and from (3) obtaining consideration or benefit from their Kansas or foreign limited liability companies for which Meyer and Pratt have charging orders. Additionally, Meyer and Pratt ask the court to (4) grant their pending motion to compel discovery, including discovery concerning the Iowa judgments; (5) order Christie and Glenn to appear for deposition; and (6) hold an evidentiary hearing on this motion for preliminary injunction within 10 business days thereafter.

Finally, Meyer and Pratt ask this court to issue rulings—in their favor, of course—on the motions that remain pending in this action.[1]

In response, Christie and Glenn assert that enjoining them from pursuing garnishment orders based on the Iowa judgments or any other acquired judgments would violate the Anti-Injunction Act, 28 U.S.C. § 2283, and that, regardless, plaintiffs fail to establish grounds for issuance of a

---

[1] These include:
- Plaintiffs' Sealed Motion for Issuance of Charging Orders Against Non-Kansas LLC Company Interests of Defendants David Christie and Alexander Glenn (Doc. 454)
- Plaintiffs' Motion for Order to Show Cause Why the Surety Washington Int'l Ins. Co., defendants David Christie and Alexander Glenn, and counsel for defendant Christie should not be Held in Civil Contempt (Doc. 458)
- Plaintiffs' Sealed Motion to Compel Discovery Regarding the Iowa Judgments and Certain Asset-Related Information (Doc. 478)

Also, although not coded as motions but nevertheless requesting relief are: Washington International Insurance Company's Response [to order directing release of bond] and Motion (Doc. 442); and plaintiffs' reply and cross-motion (Doc. 451).

preliminary injunction.[2]

**Discussion**

As to the instant motion, the court finds that plaintiffs offer no argument concerning the elements that must be shown for a court to grant a preliminary injunction.[3]  They do not even set forth the applicable legal standard.  To this extent, the court denies the motion for preliminary injunction.[4]  Moreover, given the relief requested in light of the issues involved in the other, related cases mentioned previously, and in light of Judge Somers' recent report, the timing of motion is suspect.

In his Report and Recommendation, Judge Somers accurately predicted that plaintiffs would continue their efforts in district court to enforce the judgment against nondebtors Christie and Glenn,

---

[2] For instance, Christie and Glenn suggest that plaintiffs cannot establish the "irreparable injury" requirement in light of the claimed offset: "Plaintiffs cannot be harmed by their inability to collect the Federal Judgment because they have nothing to gain by collecting against Christie and Glenn.  This is because Plaintiffs owe Christie and Glenn $1,498,625.63 more than Christie and Glenn owe Plaintiffs."  (Doc. 484 at 4.)

[3] Those appearing in plaintiffs' reply brief are too little too late.  The court will not consider arguments raised for the first time in a reply brief.  *See, e.g.*, *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244–45 (D. Kan. 2001).

[4] To put a finer point on it, the post-judgment, post-appeal motions pending in this action involve the following four (general) issues:
- Supersedeas Bond/garnishment question (Docs. 442, 451)
- Charging Orders (Doc. 454)
- Contempt Issue against surety, Christie, and Glenn based on the bond, DJ Christie Inc. stocks, and LLC disbursements (Doc. 458)
- Offset Issue, including request for discovery related to Iowa Judgments (Doc. 478).

Each and every one of these issues is also before the Bankruptcy Court in the adversary proceeding, and at least potentially in front of the district court on the Report and Recommendation recommending withdrawal of the reference.  This includes the request for charging orders against Christie and Glenn's foreign LLCs because, in response to the instant motion, they squarely raise the right of offset as a defense to plaintiffs' collection efforts.

-3-

and that these efforts would involve issues being litigated in the adversary proceeding, including the Iowa judgments/offset issue, the supersedeas bond, and D.J. Christie Inc. stock. Judge Somers noted that further orders to control the dockets would be required in order to avoid duplicative actions in the bankruptcy and the district courts.

**Additional Orders**

As the court has previously noted, the stay in bankruptcy covers only D.J. Christie Inc. However, in an effort to prevent further forum-shopping and gamesmanship by the parties—and to ensure consistent judgments and orderly proceedings on the unresolved issues—the court enters the following orders:

First, in light of the issues presented in the other ongoing actions identified above, and particularly in light of Case No. 12-mc-00405, in which a motion to withdraw the reference and an accompanying Report and Recommendation from the bankruptcy court are currently before the undersigned, this court imposes a stay on all proceedings in this action, *Meyer v. Christie*, Case No. 07-2230, until further order of the court, and directs the parties not to file any motions in this action that involve issues also pending in the other actions identified in this order.

Second, because the filing of the instant motion appears to be in direct contradiction to the admonishments of the bankruptcy court, and because the instant motion requests relief regarding issues that are currently the subject of litigation in at least two other cases, to the extent it is not denied, the court strikes the motion as inappropriately filed in this action. Again, this court will take no action on the underlying motions pending herein until the outstanding issues are resolved in the bankruptcy and related adversary proceedings.

To the extent that plaintiff has legitimate concerns about nondebtor defendants Christie and Glenn fraudulently transferring or disposing of non-exempt assets previously identified as being

-5-

available to satisfy the judgment outstanding in this case, these concerns and discovery related to them appear to be squarely at issue in the adversary proceeding.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction and Related Relief (Doc. 482) is denied in part and stricken in part.

**IT IS FURTHER ORDERED** that all proceedings in this action, *Meyer v. Christie*, Case No. 07-2230, are stayed until further order of the court, and the parties are directed not to file any motions in this action that involve issues also pending in the other actions identified in this order.

The Clerk is directed to send a copy of this order to the Clerk of the Bankruptcy Court for delivery to Judge Somers.

Dated this 26th day of June 2012, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**